2019 IL App (1st) 190449

FOURTH DIVISION
June 20, 2019

No. 1-19-0449

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| SUSAN M. PATE and MAX SOLOMON, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiffs-Appellants, | ) | of Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ISAAC R. WISEMAN, in His Official Capacity as Clerk and Local | ) | |
| Election Official for the Village of Hazel Crest, Cook County, Illinois, | ) | |
| and KAREN YARBROUGH, in Her Official Capacity as Cook County | ) | |
| Clerk, | ) | 2019 COEL 000025 |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| (The Village of Hazel Crest; Municipal Central Committee of the | ) | |
| Democratic Party for the Village of Hazel Crest; and Vernard Alsberry | ) | |
| Jr., Chairperson of the Municipal Central Committee of the Democratic | ) | |
| Party for the Village of Hazel Crest and in His Official Capacity as | ) | Honorable |
| Democratic Party Township Committeeman for Bremen Township, | ) | Sharon M. Sullivan, |
| Cook County, Illinois, Intervenors-Appellants). | ) | Judge Presiding |

_____

PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Gordon and Lavin concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs, Susan M. Pate and Max Solomon, filed an emergency complaint in *mandamus*

against Isaac R. Wiseman, in his official capacity as clerk and local election official for the

Village of Hazel Crest, and Karen Yarbrough, in her official capacity as Cook County Clerk

(collectively, defendants), seeking an order directing defendants to place plaintiffs' names on the ballot as slated candidates of the Democratic Party for the office of trustee of the Village of Hazel Crest. The Village of Hazel Crest (Village), the Municipal Central Committee of the Democratic Party for the Village of Hazel Crest (Committee), and its chairperson, Vernard Alsberry Jr., in his official capacity as Democratic Party Township Committeeman for Bremen Township (collectively, intervenors), filed a petition to intervene, which the circuit court allowed, and thereafter, the court denied plaintiffs' complaint in *mandamus*. In this court, plaintiffs contend that the court erred in granting the intervenors' petition to intervene and in denying plaintiffs' complaint in *mandamus*.

¶ 2       The record shows that on November 26, 2018, Wayne M. Johnson, Helen J. Nowels, and Tiffanni Y. Human filed nomination papers as slated candidates of the Democratic Party for nomination to three available offices of trustee of the Village, at the February 26, 2019, primary election. No other candidates filed nomination papers seeking nomination of the Democratic Party for those offices by the end of the filing period.

¶ 3       Pursuant to the provisions of the Election Code, objections to nomination papers were to be filed by December 3, 2018 (10 ILCS 5/10-8 (West 2016)), but none were filed against the slated candidates. Accordingly, Johnson, Nowels, and Human were automatically nominated uncontested, and a primary was not required for the three available trustee offices in the February 26, 2019, primary election.

¶ 4       Thereafter, on January 22, 2019, Johnson and Nowels executed affidavits stating that they declined the nominations and requested that their names not be certified as candidates for the office of trustee for the Village.

¶ 5 On January 24, 2019, plaintiffs filed nomination papers with the office of Isaac R. Wiseman, clerk of the Village. The papers included, among others, documents titled "Resolution to Fill a Vacancy in Nomination of Wayne M. Johnson occurring where no Party Primary" and "Resolution to Fill a Vacancy in Nomination of Helen J. Nowels occurring where no Party Primary." Those Resolutions were executed by Human, who stated that, as "the remaining candidate serving as party officer of the Democratic Party in and for the Village of Hazel Crest," she "voted to nominate a candidate of the Democratic Party to fill [each] vacancy." Accordingly, Human "nominate[d]" Pate to fill the vacancy of Johnson, and Solomon to fill the vacancy of Nowels.

¶ 6 On January 28, 2019, Wiseman issued notice to Human that he was "in receipt of two separate proposed nominations which you have made as 'the remaining party candidate as party officer of the Democratic Party in and for the Village of Hazel Crest,' to fill the Johnson and Nowels' vacancies." Wiseman informed Human that the Election Code provision allowing nominations to be filled by a party's remaining candidate applied only in cases "of political parties other than a statewide political party," which did not include the Democratic Party. Accordingly, Wiseman informed Human that the "proposed nomination is not in apparent conformity with the applicable provisions of the Illinois Election Code. Under these circumstances, my office will not be certifying the name of either Ms. Pate or Mr. Solomon as Democratic Party candidates for the office of Trustee in and for the Village of Hazel Crest."

¶ 7 On February 19, 2019, plaintiffs filed an emergency complaint in *mandamus* with the circuit court, contending that Wiseman "ha[d] failed and refused to certify" plaintiffs' names "in violation of the Illinois Code" and that plaintiffs were entitled to *mandamus* relief.

¶ 8     On February 22, 2019, the intervenors filed their petition to intervene in plaintiffs'

*mandamus* action, alleging that the court should allow them to intervene either as "a matter of

right or at the discretion of the Court." Specifically, the intervenors asserted that the Village's

interests would be directly affected and "bound by a judgment" rendered in this matter, and that

the judgment would "directly impact the operations of the Village, the rights of voters of in [*sic*]

the Village, and any potential financial liability." As for the Committee, the intervenors argued

that its interests "derive[d] from its statutorily mandated role to conduct and make appointments

to fill vacancies in nomination and to ensure that its sole authority to act in an official capacity

on behalf of the Democratic Party within the Village of Hazel Crest is unimpeded and is not

fraudulently claimed by another individual or entity." The intervenors alternatively argued that

permissive intervention should be allowed because "the defense of the Intervenors['] rights and

interests at issue in this matter involve common questions of law and fact. The defense of the

Village's interests and the defense of the Committee's interests should be allowed in order to

protect the voting rights of the citizens of the Village of Hazel Crest."

¶ 9     That same day, February 22, 2019, the court set a briefing schedule on the complaint and

the petition to intervene and set the matters for hearing on March 7, 2019.

¶ 10     On February 26, 2019, Wiseman and the intervenors jointly filed their "motion to

dismiss, and response in opposition to complaint in mandamus." On March 1, 2019, the plaintiffs

filed their "Response to proposed Intervenors' petition to intervene; and Reply to Defendants'

motion to dismiss & response in opposition to complaint in mandamus." On March 5, 2019,

Wiseman and the intervenors filed their "reply."

¶ 11     On March 7, 2019, the circuit court entered an order granting the intervenors' petition to

intervene both as of right and as a matter of discretion and denying plaintiffs' complaint in

*mandamus* "[f]or the reasons stated in open court." The circuit court specifically found that plaintiffs had "no clearly ascertainable right" to the relief sought. No transcript of the March 7, 2019, hearing appears in the record on appeal. Plaintiffs filed a notice of appeal from that order the same day, and this court has jurisdiction to consider this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 12    In this court, plaintiffs contend the court erred in granting the intervenors' petition and denying plaintiffs' compliant for *mandamus*. We will consider each issue in turn.

¶ 13    Plaintiffs first contend that the circuit court erred in granting the intervenors' petition, asserting that the requirements for intervention were not met in this case.

¶ 14    Section 2-408 of the Code of Civil Procedure allows for intervention either as a matter of right or at the discretion of the court. 735 ILCS 5/2-408(a), (b) (West 2016).

¶ 15    As relevant here, section 2-408 provides:

> "(a) Upon timely application anyone shall be permitted as of right to intervene in an action: *** (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action ***.
>
> (b) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: *** (2) when an applicant's claim or defense and the main action have a question of law or fact in common." *Id.* § 2-408.

¶ 16    The decision to allow or deny intervention, whether permissively or as of right, is a matter of judicial discretion that will not be reversed absent an abuse of that discretion. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58 (2002); see also *Redmond v. Devine*, 152 Ill. App. 3d 68, 74 (1987).

¶ 17     Initially, we note that our review of this issue is impeded due to the incomplete record on appeal. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). When a court's ruling is reviewed for an abuse of discretion, this court generally will not reverse that ruling in the absence of a record sufficient to show the basis for the court's decision. See *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22 (presumption that the court acted properly in absence of a complete record applies "especially" when standard of review is abuse of discretion).

¶ 18     The record in this case does not include a transcript or acceptable substitute of the March 7, 2019, hearing in which the court considered the intervenors' petition to intervene. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (noting that in lieu of a trial transcript, an appellant may file a bystander's report or an agreed statement of facts). Consequently, this court has no knowledge of what evidence was presented, what arguments were made, what findings the court made, or the reasoning and rationale that provided the bases for the circuit court's ruling. All we have is the circuit court's order granting the intervenors' petition without further discussion. Under such circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. *Webster v. Hartman*, 195 Ill. 2d 426, 433-34 (2001); *Foutch*, 99 Ill. 2d at 391-92.

¶ 19    Nonetheless, even considering the limited common law record, we would find no abuse of discretion on the part of the circuit court in allowing intervention.

¶ 20    Plaintiffs assert that the intervenors did not meet the requirement for intervention as a matter of right under section 408(a) because they cannot show that they will be bound by the order or judgment entered in this matter. Plaintiffs contend that the order, "if entered, will have nothing to do with the Village of Hazel Crest or impact the Village in any way ***, any more than it will if the Clerk had [certified their names] in the first place." Similarly, plaintiffs contend that the Committee has no real interest in the judgment where plaintiffs' desired relief is "an order or judgment ordering the Clerk to perform his ministerial duty, which he is under duty and obligation to perform." Plaintiffs' circular reasoning—that an order requiring defendants to certify plaintiffs' names does not affect the intervenors because the clerk should have certified them initially—provides no basis for finding that the circuit court's order allowing intervention was an abuse of discretion.

¶ 21    As stated above, a party shall be permitted to intervene as of right when the representation of the applicant's interests by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree, or order rendered in the action. 735 ILCS 5/2-408(a)(2) (West 2016); see also *Redmond*, 152 Ill. App. 3d at 74. "The purpose of this section is to liberalize the practice of intervention so as to avoid, upon timely application, the relitigation of issues in a second suit which were being litigated in a pending action." *Birkett*, 202 Ill. 2d at 57. A party "need not have a direct interest in the pending suit, [but] it must have an interest greater than that of the general public, so that the party may stand to gain or lose by the direct legal operation and effect of a judgment in the suit." *Id.* at 57-58. The allegations of an applicant's petition to intervene are to be taken as true in determining whether the applicant's

interests are sufficient. *Redmond*, 152 Ill. App. 3d at 74. Illinois's intervention statute is remedial in nature and should be construed liberally. *Id.*

¶ 22   Here, the intervenors' petition to intervene alleged that the court's judgment "will directly impact the operations of the Village, the rights of voters of in [*sic*] the Village, and any potential financial liability, *** which are not adequately represented by the Village Clerk alone." Specifically in terms of financial liability to the Village, the intervenors point to plaintiffs' prayer for relief which requested that they be paid for "all the court costs and fees incurred by the Plaintiffs in bringing this action," noting that any such relief, if granted, would be paid for by the Village. The intervenors further alleged that the Committee had an interest in the matter based on

> "its statutorily mandated role to conduct and make appointments to fill vacancies in
> nomination and to ensure that its sole authority to act in an official capacity on behalf of
> the Democratic Party within the Village of Hazel Crest is unimpeded and is not
> fraudulently claimed by another individual or entity."

In these circumstances, we find no abuse of discretion by the circuit court in allowing intervention as of right.

¶ 23   Having found that the circuit court did not abuse its discretion in allowing intervention as of right, we need not determine whether the circuit court abused its discretion in finding that the intervenors had also met the requirements for permissive intervention.

¶ 24   Plaintiffs next contend that the court erred in denying *mandamus* relief, specifically asserting that "the doctrine of 'apparent conformity' does not work to excuse or absolve the clerk in this case of his failure to perform his ministerial obligation and duty of certifying the plaintiffs' names to the ballot." Plaintiffs try to invoke *de novo* review by characterizing this

issue as a question of statutory construction of the Election Code (10 ILCS 5/10-8 through 10-10.1 (West 2016)). However, upon review, it is clear that their challenge is actually to the court's denial of their complaint for *mandamus*.

¶ 25    *Mandamus* is an "extraordinary remedy" that may be used to enforce the performance of official duties by a public officer only where the petitioner is entitled to the performance "as a matter of right" and only " 'where no exercise of discretion' " on the part of the officer " 'is involved.' " *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997) (quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986)). "*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised." *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60 (1989).

¶ 26    A writ of *mandamus* will be awarded only if the petitioner establishes (1) a clear right to the relief requested, (2) a clear duty of the public official to act, and (3) clear authority in the public official to comply with the writ. *Burris v. White*, 232 Ill. 2d 1, 7 (2009).

¶ 27    This court has previously recognized that the relevant standard of review when evaluating a circuit court's grant or denial of a writ of *mandamus* is unclear. See *Mabwa v. Mendoza*, 2014 IL App (1st) 142771, ¶¶ 37-38. Some courts have held that "absent an abuse of discretion" on the part of the trial court, "a reviewing court will not overturn the trial court's grant or denial of a writ of *mandamus*." *Crump*, 181 Ill. App. 3d at 60. Other courts, however, have found that the trial court's decision to grant or deny a writ of *mandamus* "should be reversed on appeal only when the decision is against the manifest weight of the evidence." *Baldacchino v. Thompson*, 289 Ill. App. 3d 104, 109 (1997); *People ex rel. Braver v. Washington*, 311 Ill. App. 3d 179, 186 (1999) ("A decision to grant or deny *mandamus* will be reversed on appeal only when it is

9

against the manifest weight of the evidence."); *1350 Lake Shore Associates v. Randall*, 401 Ill. App. 3d 96, 102 (2010). Our supreme court has stated that the "issuance of a writ of *mandamus*" is "discretionary in nature," and where there is no clear evidence that the circuit court's order was incorrect, *mandamus* "will not lie." *People v. Latona*, 184 Ill. 2d 260, 277-78 (1998).

¶ 28    An abuse of discretion exists where the trial court's decision is arbitrary or fanciful or where no reasonable person would agree with the court's position, and a decision is "against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence." (Internal quotation marks omitted.) *Mabwa*, 2014 IL App (1st) 142771, ¶ 39. We need not decide which standard of review applies in this case because we would find no error on the part of the circuit court under either standard.

¶ 29    Again, we note that our review of this issue is hindered by the incomplete record on appeal and that "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392. The circuit court's order of March 7, 2019, specifically noted that it was denying plaintiffs' complaint in *mandamus* "[f]or the reasons stated in open court." Without a transcript of the hearing, however, this court does not have the benefit of knowing what was before the court, or what those reasons were.

¶ 30    Nonetheless, based solely on our review of the common law record, we would not find an abuse of discretion by the circuit court, nor would we find such decision to be against the manifest weight of the evidence.

¶ 31    Wiseman's refusal to certify plaintiffs' names was based on the proposed nominations made by Human as "the remaining party candidate" to fill the Johnson and Nowels vacancies and Human's lack of authority to make such nominations. Plaintiffs do not dispute that Human

lacked authority to fill the vacancies, but contend that the determination of "who has the authority to fill vacancies in nomination where there is no primary is a matter of judicial exercise that is not 'apparent' on the face of the resolution documents filed with the clerk in this case." Accordingly, plaintiffs contend that Wiseman lacked the authority to determine that their documents "were not in compliance with the Illinois Election Code," and he was required to "perform his ministerial obligation and duty of certifying plaintiffs' names to the ballot."

¶ 32    Section 10-15 of the Election Code provides that local election officials "shall certify *** the names of all candidates entitled to be printed on the ballot." 10 ILCS 5/10-15 (West 2016). Candidates so entitled are "those whose nominating papers are (1) filed as required by the [Election] Code, (2) in apparent conformity with the [Election] Code when filed, and (3) not subject to a duly filed objection." *North v. Hinkle*, 295 Ill. App. 3d 84, 87 (1998); see 10 ILCS 5/10-8 (West 2016). In determining whether a document is in "apparent conformity" with the law, the local election official is limited to the face of the document, and he may not go behind what appears on the face. See *People ex rel. Giese v. Dillon*, 266 Ill. 272, 275-76 (1914).

¶ 33    Here, the nominating papers filed with the clerk were facially defective because they contained resolutions purporting to fill the vacancies of withdrawn candidates by the remaining candidate, who had no authority to do so. See 10 ILCS 5/7-61 (West 2016). In such circumstances, the village clerk had the authority to make a determination and refuse to certify plaintiffs' names, even if no objection to the purported nomination papers was filed. As this court has stated:

> "Section 10-8 does *not* state that *all* nominating papers are deemed valid unless
> they are subject to a duly filed objection. Rather, the Code states that all
> nominating papers, '*being filed as required by this Code, and being in apparent*

*conformity with the provisions of this Act*,' are deemed valid unless they are subject to a duly filed objection. (Emphasis added.) [Citation.] Clearly, section 10-8 contemplates that the question of whether papers were duly filed and in apparent conformity with the law when filed is a threshold question that will be answered through a procedure other than statutory objection. Otherwise, the qualification, '*being filed as required by this Code, and being in apparent conformity with the provisions of this Act*,' aside from making no sense, would be wholly superfluous." (Emphases in original.) *North*, 295 Ill. App. 3d at 89.

¶ 34 Accordingly, under either the abuse of discretion or manifest weight standards of review, plaintiffs have not shown that they have a clear right to the relief sought for a writ of *mandamus*. See *Latona*, 184 Ill. 2d at 277. For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 35 Affirmed.