NOTICE

Decision filed 07/12/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200387-U

NO. 5-20-0387

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| FEATHERSTUN, GAUMER, STOCKS, FLYNN AND ECK, LLP, | ) ) ) | Appeal from the Circuit Court of Shelby County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-LM-22 |
| SHELBY COUNTY and ERICA FIRNHABER, Shelby County Treasurer, | ) ) ) ) | |
| Defendants | ) ) | |
| | ) | Honorable |
| (Erica Firnhaber, Shelby County Treasurer, Defendant-Appellant). | ) ) | Kimberly G. Koester, Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*:    The circuit court correctly entered summary judgment in favor of a law firm on its complaint seeking payment of legal fees for work performed on behalf of a county board, where the law firm submitted the uncontroverted affidavit of its state's attorney, who attested that she appointed a member of the law firm to act as a special assistant's state's attorney pursuant to section 4-2003(b) of the Illinois Counties Code. 55 ILCS 5/4-2003(b) (West 2018).

¶ 2     Erica Firnhaber, who is the Treasurer of Shelby County (the County), appeals the October 30, 2020, order of the circuit court of Shelby County, which granted summary judgment to the plaintiff, Featherstun, Gaumer, Stocks, Flynn and Eck, LLP (the Firm), as to its complaint for breach of contract against the County and for a writ of *mandamus* requiring Ms. Firnhaber to

1

pay outstanding bills for legal services that its member, Edward Flynn, performed for the County. For the following reasons we affirm.

¶ 3                                    BACKGROUND

¶ 4    On May 18, 2020, the Firm filed an amended complaint in the circuit court of Shelby County, naming the County and Ms. Firnhaber, in her capacity as treasurer, as defendants. According to the complaint, an attorney of the Firm, Edward Flynn, provided legal services to the County on general civil matters, primarily focusing on employment, collective bargaining, and contractual issues, since 2014. The complaint alleged that the County had not paid the Firm for these services in the amount of $15,443.43. Count I of the complaint sought this amount as damages for the County's breach of contract, and count II alleged a cause of action based on *quantum meruit*. Count III sought a writ of *mandamus* requiring Ms. Firnhaber to remit the amount due. The Firm attached bills itemizing the services Mr. Flynn provided to the County, all of which were rendered in late 2019 and early 2020. The Firm's complaint was docketed in the circuit court as 20-LM-22.[1]

¶ 5    On July 13, 2020, the Firm filed a motion for summary judgment. According to the motion, the Firm was entitled to summary judgment on its claim for a breach of contract and a writ of *mandamus* because for all the dates in 2019 and 2020 for which the Firm requested payment, the state's attorney for the County requested and approved Mr. Flynn's services. The Firm attached the affidavit of Gina Vonderheide to the motion, who averred that she had been

---

[1]The Firm's case was consolidated for the purposes of hearing in the circuit court with one brought by a taxpayer, Mark Bennett, seeking to invalidate the contract between the County and Mr. Flynn and/or the Firm. That case was docketed as 20-MR-35 and is the subject to a separate appeal, which is docketed in this court as 5-20-0370 and will be addressed by separate order. In addition, Mr. Bennett filed a notice of appeal from the judgment entered in this case, which was docketed in this court as 5-20-0371, and is being dismissed for a lack of standing to appeal by separate summary order, entered pursuant to Illinois Supreme Court Rule 23(c)(2) (eff. Jan. 1, 2021).

the duly elected state's attorney for the County for over six years. In her affidavit, Ms. Vonderheide declared that she and her only assistant state's attorney do not have experience in negotiating collective bargaining contracts, employment law, and/or personnel matters. For this reason, Ms. Vonderheide, in her discretion, appointed Mr. Flynn as a special assistant state's attorneys to represent the County on such matters, including a "recent" labor arbitration with the Fraternal Order of Police for the County deputies, corrections, dispatch, secretaries, and bookkeepers. Ms. Firnhaber has refused to pay the bills for these services despite the County Board's approval of them.

¶ 6    Neither the County nor Ms. Firnhaber filed any counteraffidavits in response to the Firm's motion for summary judgment. The circuit court held a hearing on the Firm's motion for summary judgment on October 30, 2020. At that hearing, counsel for the County confessed that the County was in breach of contract due to Ms. Firnhaber's failure to pay the legal bills at issue and submitted that it recommended to Ms. Firnhaber that the bills be paid. After hearing argument from counsel, the circuit court ruled from the bench that it would grant the Firm's motion for summary judgment. Thereafter, the circuit court entered judgment, by docket entry, in favor of the Firm in the amount of $15,750.68.

¶ 7                                    ANALYSIS

¶ 8    We begin our analysis with the well-established standards governing our review of orders granting a motion for summary judgment:

> "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2002); [citations]. The

3

standard of review for the entry of summary judgment is *de novo.* [Citation.] We may affirm a grant of summary judgment on any basis appearing in the record, regardless of whether the lower courts relied upon that ground. [Citations.]" *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004).

¶ 9 The circuit court granted summary judgment in favor of the Firm on count I of its complaint, which alleged a breach of contract on the part of the County for its failure to pay for the legal services Mr. Flynn provided to the County for labor negotiations in 2019 and 2020, and on count III of its complaint for a writ of *mandamus* requiring Ms. Firnhaber to pay for these legal services on behalf of the County. We will address, in turn, whether summary judgment in favor of the Firm was proper on each of these claims.

¶ 10 The County filed no responsive pleadings to the Firm's complaint, or its motion for summary judgment, and confessed at the hearing that it was in breach of contract for its failure to pay for Mr. Flynn's legal services. As the governing body of the county, the County Board is empowered by section 5-1005 of the Counties Code (55 ILCS 5/5-1005 (West 2018)) to enter into contracts "in relation to the *** concerns of the county necessary to the exercise of its corporate powers," and the uncontroverted affidavit of Ms. Vonderheide attests that the County Board approved payment of the bills. Ms. Firnhaber does not contest that there was a contract between Mr. Flynn and the County for the services at issue but rather argues that the contract is illegal because the County did not have the authority to enter into such a contract in 2014, when Mr. Flynn first provided legal services to the County. However, the issue in the case at bar is whether there was a valid contract between the County and Flynn to provide the legal services in 2019 and 2020, when the legal services at issue were rendered. However, whether we consider Mr. Flynn's legal services for the County in 2014, or 2019 and 2020, we find no illegality.

4

¶ 11    The uncontroverted evidence in the record is that Ms. Vonderheide, as state's attorney for the County, appointed Mr. Flynn to provide legal services in connection with labor negotiations on behalf of the County since 2014, which Ms. Vonderheide determined to be in the public interest. Pursuant to section 4-2003(b) of the Counties Code (55 ILCS 5/4-2003(b) (West 2018)), "[t]he State's Attorney may appoint qualified attorneys to assist as Special Assistant State's Attorneys when the public interest so requires." While this section of the Counties Code did not go into effect until January 1, 2019, the legislative history of this provision makes clear that the legislature intended to codify "something that state's attorneys can already do around the state which is to appoint the special counsel to assist with complex litigation." 100th Ill. Gen. Assem., House Proceedings, May 31, 2018, at 182 (statements of Representative Mitchell). Accordingly, we find that Ms. Vonderheide had the discretion to appoint Mr. Flynn as special counsel for the County in 2014, as well as in 2019 and 2020, when Mr. Flynn performed the legal services at issue. Whether she did so with the prior recommendation of the County Board, or with its subsequent approval, does not impact the validity of the appointment. Further, we agree that neither the Counties Code, nor any other provision of law, requires the appointment of a special assistant state's attorney to be memorialized in writing, and does not require any specific procedure for such an appointment. For these reasons, we affirm that portion of the circuit court's order that granted the Firm's motion for summary judgment as to count I of its claim, for breach of contract, and awarded the Firm $15,750.68, which represents the amount of the unpaid legal bills plus the filing fee. See 735 ILCS 5/5-108 (West 2020).[2]

¶ 12    Having determined that the circuit court did not err when it entered summary judgment in favor of the Firm on its complaint for a breach of contract against the County, we turn to that part

---

[2]Because the circuit court entered a summary judgment in favor of the Firm on the basis of its claim for breach of contract, the Firm's claim for *quantum meruit* is moot.

5

of the circuit court's order that granted the Firm's request for a writ of *mandamus* requiring Ms. Firnhaber to remit payment to the Firm in the amount of the judgment. *Mandamus* is an extraordinary remedy that may be used to enforce the performance of official duties by a public officer only where the petitioner is entitled to the performance as a matter of right and only where no exercise of discretion on the part of the officer is involved. *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 25. For *mandamus* to issue, a plaintiff must establish material facts that demonstrate (1) an unequivocal right to the requested relief, (2) an unequivocal duty on the defendant to act, and (3) the defendant's unequivocal authority to comply with an order granting *mandamus*. We find all these elements are present in this action as a matter of law.

¶ 13 First, as set forth above, the plaintiff has established that the County is in breach of its contract for legal services, for which the Firm has an unequivocal right to be compensated. Second, pursuant to section 3-10005 of the Counties Code (55 ILCS 5/3-10005 (West 2020)), Ms. Firnhaber, as treasurer for the County, has the unequivocal duty to disburse the revenues and other public moneys of the County pursuant to law, and this would apply to the satisfaction of a money judgment that has been entered against the County. Finally, pursuant to section 3-10014 of the Code (55 ILCS 5/3-10014 (West 2020)), Ms. Firnhaber, as treasurer for the County, has the unequivocal authority to pay money out of the county treasury in accordance with the order of the County Board, or when payment is specially authorized by law to be made. For these reasons, we find that the Firm established that no genuine issue of material fact remained as to the elements required for a writ of *mandamus* to issue, and the circuit court was thus within its discretion to order Ms. Firnhaber to remit the payment to the Firm. See *People v. Latona*, 184 Ill. 2d 260, 277-78 (1998) (the issuance of a writ of *mandamus* is discretionary in nature).

¶ 14                                  CONCLUSION

¶ 15    For the foregoing reasons, we affirm the October 30, 2020, order of the circuit court of Shelby County, which entered judgment in favor of the Firm on its claim for breach of contract against the County, and directed Ms. Firnhaber, as treasurer, to remit the funds to the Firm to satisfy the judgment.

¶ 16    Affirmed.