2024 IL App (1st) 230442-U

No. 1-23-0442

Order filed January 22, 2024.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KENNY GAUTHIER, as mother and next friend of M.S., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) | |
| v. | ) ) | No. 2015 L 1766 |
| CHICAGO BOARD OF EDUCATION, | ) ) | The Honorable John Simon, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith concurred in the judgment.
Justice Pucinski's dissent to follow.

**ORDER**

¶ 1     *Held*: Plaintiff failed to demonstrate that the circuit court erred in granting summary judgment in defendant's favor where plaintiff did not provide a complete record on appeal. We affirm.

¶ 2     Plaintiff Kenny Gauthier, as mother and next friend of M.S., appeals from the circuit court's order entering summary judgment in favor of defendant, the Chicago Board of Education, on plaintiff's claim for willful and wanton misconduct. On appeal, plaintiff contends that a

genuine issue of material fact exists with respect to plaintiff's assertion that defendant breached its duty to keep students, including M.S., safe from known dangers. Plaintiff argues, among other things, that defendant improperly allowed plaintiff's assailant to remain in school despite defendant's knowledge that the assailant had a prior sexual encounter on school premises. Plaintiff also asserts that the Local Governmental & Governmental Employees Tort Immunity Act (Act) does not apply. See 745 ILCS 10/1-101 *et seq.* (West 2014). For the following reasons, we affirm the circuit court's judgment.

¶ 3                                    I. Background

¶ 4     On February 19, 2015, plaintiff filed a complaint alleging that defendant engaged in willful and wanton misconduct with respect to an incident that occurred on April 2, 2014, at Chicago Vocational Career Academy High School, which defendant owned and operated. According to the complaint, M.S. was an intellectually disabled student who attended the school. While at school, M.S. was touched in a sexual manner by another student, M.W. As a result, M.S. threw up on M.W. In addition, defendant had known that other students had accused M.W. of sexual abuse prior to this incident. Plaintiff further alleged that it was defendant's duty to act with reasonable care, to refrain from the reckless disregard of the students' safety, and to refrain from willful and wanton acts or omissions. Moreover, defendant breached its duty by subjecting M.S. to criminal sexual abuse by a student who defendant knew to be a danger to other students. In disregarding this duty, defendant acted willfully and wantonly, leading M.S. to sustain injuries.

¶ 5     Defendant's answer admitted that M.S. and another student were involved in an incident of sexual misconduct. Defendant also admitted that M.W. was previously issued a misconduct report and was suspended for inappropriate behavior. Defendant generally denied, however, that

the suspension followed prior allegations that M.W. sexually abused other students. Furthermore, defendant essentially denied that it possessed, or violated, a duty to protect other students due to knowledge that M.W. presented a danger.

¶ 6    Defendant's answer also raised affirmative defenses under the Act. 745 ILCS 10/2-201, 3-108 (West 2014). As for section 2-201, defendant claimed that as a local public entity, it was not liable for an injury resulting from an act or omission in determining policy or an exercise of discretion.  Furthermore, section 3-108 provided immunity for injuries resulting from a failure to supervise an activity.

¶ 7    Following discovery, defendant filed a motion for summary judgment, arguing that the Act immunized defendant's alleged misconduct under not only sections 2-201 and 3-108, but sections 4-102, 2-103 and 2-205 as well. See 745 ILCS 10/4-102, 2-103, 2-205 (West 2014). Defendant asserted that section 4-102 immunized defendant for failing to provide police protection service to prevent the commission of crimes. In addition, sections 2-103 and 2-205 immunized defendant for the failure to enforce any law or adopt any policy, and provided them with absolute immunity with respect to willful and wanton misconduct. Moreover, defendant argued that a party generally has no duty to prevent the criminal acts of another, and the "special relationship" exception did not apply here.

¶ 8    Several items were attached to defendant's motion, such as M.S.'s Individualized Education Plan (IEP Plan) and the transcripts of the depositions of M.S., his mother, Principal Douglas Maclin, Dean Lloyd Batts, and Assistant Principal Donna Harris. Only the IEP plan, however, is included in our record on appeal.

¶ 9    In response, plaintiff argued that defendant did not enjoy broad immunity under section 2-201. Additionally, section 3-108 did not apply because defendant's conduct was willful and

wanton, as defendant's knowledge of M.W.'s prior conduct created a duty to protect M.S., but defendant had disregarded M.S.'s safety. Plaintiff further argued that sections 2-103 and 2-205 did not apply because plaintiff was not alleging that defendant failed to enforce or adopt a policy, but instead, maintained that defendant had engaged in willful misconduct by allowing a student known to engage in oral sex at school to remain there. As to section 4-102, the case at hand involved the inability of school staff to provide supervision and protection, not the absence of police protection. Plaintiff argued that at a minimum, a genuine issue of material fact remained, precluding summary judgment.

¶ 10     The circuit court granted defendant's motion for summary judgment, "[f]or the reasons stated in open court." The report of proceedings, however, is not included in our record on appeal. See Ill. S. Ct. R. 321 (Oct. 1, 2021); Ill. S. Ct. R. 323 (eff. July 1, 2017).

¶ 11                                          II. Analysis

¶ 12     On appeal, plaintiff asserts that the circuit court erred by entering summary judgment in defendant's favor, as defendant is not entitled to immunity under the statutes in question.

¶ 13     Summary judgment should be granted when the pleadings, depositions and admissions on file, together with the affidavits, if any, establish that there is no genuine issue of material fact, and that the moving party is entitled to a judgment as a matter of law. 725 ILCS 5/2-1005(c) (West 2014). Conversely, a triable issue of fact precluding summary judgment exists where the material facts are disputed or where the material facts are undisputed, but reasonable persons might draw different inferences from those facts. *Simmons v. Reichardt*, 406 Ill. App. 3d 317, 321 (2010). When reviewing an order granting summary judgment, we must determine whether, when viewed in the light most favorable to the nonmovant, the pleadings, depositions, admissions and affidavits on file reveal a genuine issue of material fact. *Brugger v. Joseph*

*Academy, Inc.,* 202 Ill. 2d 425, 446 (2002). We review the circuit court's judgment *de novo.*

*Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 14    Here, defendant's motion for summary judgment and plaintiff's response relied on facts

addressed in multiple witnesses' depositions in order to string together a story as to what

happened in this case. That being said, plaintiff has failed to include those deposition transcripts

in the record on appeal.

¶ 15    It is the appellant's duty to provide on appeal a sufficiently complete record of the lower

court proceedings to support her claims of error. *Midstate Siding & Window Co. v. Rogers,* 204

Ill. 2d 314, 319 (2003). Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) generally requires

that the record on appeal include the entire common law record, including every document filed

in the case. Absent such a record, we must presume that the circuit court's order conformed with

the law and was supported by an adequate factual basis. *Midstate Siding & Window Co.*, 204 Ill.

2d at 319. Any doubts arising from an incomplete record will be resolved against the appellant.

*Foutch v. O'Bryant*, 99 Il.2d 389, 392 (1984); *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17.

¶ 16    The parties' briefs rely on facts apparently addressed in the deposition transcripts.

Without those transcripts, we are unable to make an evenhanded determination of what the

evidence shows happened between M.S. and M.W., where it happened and how it happened, or

what defendant and school employees did or did not do in the time leading up to the students'

encounter. We cannot find that the circuit court erred in determining that defendant was immune

from liability based on evidence that we do not have before us. Because plaintiff has failed to

provide us with those deposition transcripts, she cannot meet her burden demonstrating that the

court erred. Absent a complete record, we must presume that the relevant materials supported the

circuit court's finding that no genuine issue of material of fact exists.

¶ 17    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 18    Affirmed.

¶ 19    Justice Pucinski's dissent to follow.