2024 IL App (1st) 230335-U

No. 1-23-0335

Order filed May 28, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VICKIE WHITE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M6 4144 |
| | ) | |
| JESSIE McGEE, LINDA McGEE, and UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Carrie E. Hamilton, |
| (Jessie McGee, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The circuit court's judgment of eviction is affirmed where defendant has failed to provide a record on appeal sufficient for our review.

¶ 2   Defendant Jessie McGee appeals *pro se* from the circuit court's orders granting possession of a residential property to plaintiff Vickie White and evicting defendant from the property and subsequently denying his motion to reconsider. On appeal, defendant argues that the court erred

in entering the eviction order because the action brought by plaintiff should have been decided as a breach of contract action and litigated in the Law Division or Chancery Division rather than in the Municipal Division. We affirm as defendant has failed to provide a record on appeal sufficient for our review of the judgments.

¶ 3       The record on appeal lacks a report of proceedings or acceptable substitute. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). The following facts are drawn from the common law record.

¶ 4       On May 26, 2022, plaintiff filed in the circuit court Municipal Department, Sixth District, an action for eviction and possession against defendant and his wife, Linda McGee, as well as "unknown occupants." Plaintiff's complaint alleged that on or about August 2, 2021, she entered into a written purchase agreement with the McGees whereby she had agreed to sell, and the McGees agreed to purchase, a residential property in Flossmoor "as is" for $267,000, with a closing date of February 3, 2022. Plaintiff agreed to allow the McGees to live in the residence before closing and they agreed to pay the utility charges incurred and the real estate taxes "assessed" during their occupancy.

¶ 5       Plaintiff alleged that, despite moving into the property, the McGees failed to pay assessed taxes. They also refused to complete the purchase on the closing date. Plaintiff, through counsel, sent the McGees a demand letter extending the closing date to March 28, 2022, but the McGees failed to close. On April 11, 2022, plaintiff's counsel mailed the McGees a letter notifying them that the purchase agreement was terminated and that they must vacate the property. When the McGees failed to vacate, plaintiff sent by certified mail on May 11, 2022, a demand for immediate possession.

¶ 6       Plaintiff attached to her complaint the parties' purchase agreement and copies of her

communications to the McGees. Plaintiff alleged the McGees remained in possession of the property and requested that the trial court award her possession, order the McGees to vacate immediately, and award her legal fees.

¶ 7     On July 26, 2022, counsel for the McGees filed a motion to consolidate plaintiff's eviction case with case number 22-M1-104081, which was pending in the Municipal Department First District. According to counsel's representations in the record, that action was one of two cases that defendant had filed against plaintiff before plaintiff filed her eviction action in the Sixth District. Counsel for the McGees filed a second motion on August 24, 2022, stating that the McGees "believe[d] they ha[d] a specific performance and mechanic lien interest," again seeking the consolidation and further requesting that they be transferred to the Chancery Division, or, alternatively, that plaintiff's eviction action be continued. The court continued the case several times and then set it for trial on October 11, 2022.[1]

¶ 8     On October 5, 2022, counsel for the McGees' moved to withdraw from representation. On the same date, defendant, *pro se,* filed an emergency motion to stay the eviction proceedings until the court could "render a decision on this breach of contract matter." He claimed plaintiff had agreed to credit him for the costs and labor he expended to bring the "dilapidated" property to a habitable condition, and that he invested $129,000 on the property. When plaintiff failed to issue him the credit and failed to close the sale at the agreed upon price, he filed a mechanic's lien.

---

[1] There is nothing in the record showing that the circuit court ruled on the motions to consolidate. Notably, no transcript of any proceedings before the circuit court have been submitted to this court for review, and "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Accordingly, given the circuit court set the case for trial, we presume it denied the motions.

Defendant requested the court allow him to enforce his mechanic's lien and allow "the original sales contract to proceed at the sales price $267,000 less deductions."

¶ 9     On October 11, 2022, the date previously set for trial, the court granted the McGees' counsel's motion to withdraw and reset the case for trial on November 7, 2022.

¶ 10     On November 7, 2022, the court entered the eviction order that is the subject of the present appeal, awarding possession of the property to plaintiff and requiring the McGees and unknown occupants to vacate the property by November 14, 2022. If the premises were not vacated by that date, the sheriff was to effect an eviction. The order noted that it was entered "after contested hearing or trial," and that plaintiff, plaintiff's counsel, and the McGees were present. On November 14, 2022, defendant filed a motion to reconsider, alleging plaintiff gave a false statement and the court misunderstood defendant's action. The circuit court denied the motion on January 31, 2023, and defendant timely appealed.

¶ 11     Defendant argues that on or about August 2, 2021, he executed an agreement whereby he agreed to purchase from plaintiff a "dilapidated" property "as is" for $267,000. Defendant maintains that, although plaintiff represented to the trial court that the McGees moved into the property on August 1, 2021, this representation is "false." Rather, because the house was uninhabitable, plaintiff agreed to allow defendant possession of the property before the closing date of February 3, 2022, and gave him "six (6) months to complete the repairs through [his] company." Under this agreement, defendant or the McGees were to receive "credits against the purchase price" for repairs "to bring the property to a livable/habitable condition."

¶ 12     Defendant argues he tendered $40,000 in earnest money for the purchase of the property and "invested" $129,000 "of his own financial resources and labor." Plaintiff allowed defendant

to negotiate on her behalf with her insurer for certain covered repairs, resulting in "insurance proceeds" of an estimated $88,100. Plaintiff retained this sum and, through counsel, raised the purchase price of the property to $290,000, refused to close at the previously agreed price, and initiated the eviction action that resulted in the orders at issue on appeal. Noting "[t]here is no landlord tenant agreement," defendant argues that the eviction case is in fact a breach of contract claim, which the trial court should have transferred to the Chancery or Law Division of the circuit court, and that the trial court erred in granting the eviction order. He asks this court to vacate that order "with prejudice for lack of jurisdiction" and to transfer the matter to the Law or Chancery Division.

¶ 13    As an initial matter, we note that defendant's brief, although written on our supreme court's preapproved form, fails to comply with the majority of the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which sets forth the required format and contents of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Of particular concern is defendant's failure to set forth an argument section with clearly defined issues, citations to pertinent authority, and a cohesive legal argument. See Ill. S. Ct. R. 341(h)(6), (7). "The failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory violates Rule 341(h)(7) and results in forfeiture of the argument." *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54; see also Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited.").

¶ 14    The supreme court rules governing briefs are mandatory, and defendant's *pro se* status does not excuse him from complying with the rules. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 9; *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. We may strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341. *Holzrichter v. Yorath*, 2013 IL

App (1st) 110287, ¶ 77. However, despite the deficiencies in defendant's brief, we elect to consider the merits of the appeal as we have the benefit of plaintiff's cogent responsive brief. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 15    Nevertheless, defendant's appeal fails because he did not provide an adequate record on appeal for this court's review. As the appellant, it is defendant's burden to present a sufficiently complete record to support his claims of error. *Foutch*, 99 Ill. 2d  at 391-92 (1984); *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17. In the absence of such a record, we will presume that the circuit court's order conformed with the law and has a sufficient factual basis (*Foutch*, 99 Ill. 2d at 392. We resolve any doubts arising from the incompleteness of the record against the appellant. him. *Id.*; *Pate*, 2019 IL App (1st) 190449, ¶ 17.

¶ 16    Here, as there is no transcript of the trial and the hearing on defendant's subsequent motion to reconsider, or an acceptable substitute such as a bystander's report or agreed statement of facts (see Ill. S. Ct. R. 323(a), (c), (d) (eff. Oct. 1, 2021)), there is no basis for holding that the trial court erred in entering the possession and eviction order and denying defendant's motion to reconsider. See *Foutch*, 99 Ill. 2d at 392. The court's order awarding possession to plaintiff and evicting the McGees states that it was entered "after contested hearing or trial," and that plaintiff, plaintiff's counsel, and the McGees were present. And defendant challenges the factual basis and arguments underlying the court's orders on appeal. But "[a]n issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." (Internal quotation marks omitted.) *Pate*, 2019 IL App (1st) 190449, ¶ 17. Thus, without a transcript of the trial or an acceptable substitute, we cannot review the circuit court's judgment of eviction and subsequent order denying defendant's motion to reconsider.

¶ 17    We are mindful that transcripts are not always necessary when the issue on appeal is subject to *de novo* review. See *Beck v. DayOne Pact*, 2023 IL App (1st) 221120, ¶ 29. However, the issue here is whether the court properly entered a judgment of eviction after a contested hearing or trial. When reviewing an eviction order in favor of the plaintiff, our standard of review is whether the circuit court's ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27.

¶ 18    Without a transcript of the trial, this court has no knowledge of what happened in court that day. We do not know what testimony or evidence, if any, was presented by either party or what arguments the parties made before the court. Although defendant maintains that this was a breach of contract action, without a report of proceedings, there is no evidence to support his assertion. The partial record before us does not indicate on its face that defendant had a right to possession when the eviction order was entered or thereafter. Thus, we have no basis for vacating the eviction order, nor for questioning the court's apparent decision not to transfer the matter to another court. We are therefore unable to meaningfully review the judgment of eviction. See *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 15 (whether record suffices to review claim turns on the particular error claimed). Under these circumstances, we will presume the trial court's order conformed with the law and had sufficient factual basis, and affirm the court's judgment of eviction. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 20    Affirmed.