2024 IL App (1st) 231306-U

No. 1-23-1306

Order filed June 12, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JAZMINE McDOUGALD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 111235 |
| | ) | |
| LEASING & MANAGEMENT COMPANY, INC., | ) | |
| and MERCY HOUSING, INC., | ) | Honorable |
| | ) | H. Yvonne Coleman, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices D.B. Walker and Van Tine concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's entry of a directed finding where plaintiff's brief does not comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and she has failed to provide a record on appeal sufficient for our review.

¶ 2   Plaintiff Jazmine McDougald appeals *pro se* from the circuit court's entry of a directed finding in favor of defendants Leasing and Management Company, Inc. and Mercy Housing, Inc., in this breach of contract and retaliation action. On appeal, plaintiff argues that the court erred in

entering a directed finding for defendants because the evidence she presented at trial supported her claims. We affirm as plaintiff's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and she has failed to file a record on appeal sufficient for us to review the judgment.

¶ 3       The record on appeal lacks a report of proceedings. The following facts are drawn from the common-law record.

¶ 4       On June 3, 2021, plaintiff filed a *pro se* complaint against defendants for a breach of contract. She alleged that defendants violated her right to quiet enjoyment of her apartment. For approximately two years, the tenants who lived above plaintiff had made noises that sounded like slamming doors, stomping, and throwing objects on the floor. The noises often occurred at night when plaintiff and her son tried to sleep. Plaintiff had requested defendants resolve the disturbance but defendants had threatened to evict her for complaining and failed to make repairs in her apartment. She claimed they were negligent in failing to resolve the disturbances. Plaintiff claimed $10,000 in damages and requested defendants make necessary repairs in her apartment, refund her security deposit and rent payments she had made since the noises began, and pay for her move when she was ready to do so.

¶ 5       Plaintiff attached to her complaint an unattributed document titled "House Rules" which states that residents are prohibited from committing "any nuisance" or other act "which may disturb the quiet enjoyment of any other resident," and from making "[e]xcessive noise" between 10 p.m. and 7 a.m. Each household was "responsible for not disturbing other residents by *** loud noises."

¶ 6       On January 26, 2022, defendants filed a motion under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)) to strike and dismiss plaintiff's complaint for failing

to state a cause of action. The court granted the motion and allowed plaintiff to file an amended complaint.

¶ 7     On July 8, 2022, plaintiff filed a *pro se* amended complaint. Plaintiff claimed that, since 2014, she had lived in an apartment building owned by Mercy Housing and managed by Leasing and Management Company. The noise disturbances began in spring 2019 and had "occurred continuously almost every single day" since. Plaintiff had made audio and video recordings of the noise. She had called and emailed several agents of defendants to request the disturbances be resolved, and called the police "on several occasions." In fall 2020, agents of defendants threatened to evict plaintiff as her complaints were disturbing the tenant above her.

¶ 8     Plaintiff raised three causes of action. First, that defendants committed a breach of contract by violating the provision in the House Rules stating that each household was responsible for not disturbing other residents by loud noises. Second, that defendants violated section 5-12-150 of the Chicago Municipal Code (Chicago Municipal Code § 5-12-150 (amended Nov. 6, 1991)) by retaliating against her by threatening eviction and failing to repair her apartment. Third, that Mercy Housing had a policy forgoing security deposits for veterans but plaintiff was a veteran and paid a security deposit. Plaintiff requested (1) all prepaid rent since defendants' agents were first notified of her complaints, (2) her security deposit and accrued interest, (3) costs and fees, and (4) "[p]unitive damages for pain and suffering, and emotional distress because of the noise disturbance and sleep deprivation" from defendants' "negligence" in "not holding tenants causing the noise disturbance responsible."

¶ 9     Plaintiff attached to her amended complaint (1) her lease, including the House Rules addendum she had attached to her initial complaint, (2) emails between her and several individuals

in which she complained about noises and requested repairs to her apartment, (3) an August 16, 2020, police report indicating officers responded to numerous noise complaints by plaintiff, and (4) a September 23, 2020, letter from the property manager stating that building security and police had investigated nearly 10 complaints by plaintiff and found all of them unfounded, and if plaintiff continued making unfounded complaints, management would pursue terminating her lease.

¶ 10    On August 9, 2022, defendants filed an answer. The answer included an affirmative defense that defendants had valid non-retaliatory reasons for threatening to terminate plaintiff's lease. Defendants claimed that plaintiff was "a nightmare tenant." Defendants had investigated her noise complaints and could not hear any noises. Plaintiff started "banging" on her neighbor's door, disturbing the neighbor and making her fear for her safety. Defendants therefore sent plaintiff a letter instructing her to cease banging on the neighbor's door and making false allegations against her neighbor. Defendants offered to allow plaintiff out of her lease but plaintiff refused.

¶ 11    On September 22, 2022, the court held a bench trial at which plaintiff and defendants were present. The trial call order reflects that the court entered judgment for defendants after granting defendants' motion for a directed finding. The court wrote that it did not find a breach of contract or retaliation and plaintiff "failed to make a *prima facie* case."

¶ 12    On October 20, 2022, plaintiff filed a motion for a new trial. She argued that the court erred in granting the motion for a directed finding and stated she wished to present new evidence of her claims.

¶ 13    On June 21, 2023, the court denied the motion. In a written order, the court stated that it had held a bench trial and defendants moved for a directed finding at the close of plaintiff's case. The court "weighed the quality of [plaintiff's] testimony and the admissible evidence and

determined that there was insufficient evidence to support her claims." Plaintiff therefore "failed to present a *prima facie* case on the issues of law and facts." The court wrote that there was no breach of contract as the lease did not require defendants to compel other tenants to comply with noise rules and plaintiff admitted that defendants had investigated her complaints. Plaintiff further failed to present evidence supporting the essential elements of a breach of her right to quiet enjoyment, which requires an actual or constructive eviction. Plaintiff had not shown she undertook any activity that was protected under the Chicago Municipal Code.

¶ 14    Plaintiff now appeals *pro se*. She argues that she presented evidence at trial to support her claims, including emails between herself and agents of defendants, a video she played for the court that the court noted included a "knocking" sound, and her son's testimony corroborating her allegations. She disagrees that she admitted defendants investigated her noise complaints. She argues that she was not allowed to question any of the witnesses, "which would have significantly helped [her] case." She further asserts that the court erred in denying her motion for a new trial as, after trial, she found a provision in the lease binding defendants and learned that her case should have been heard in federal court. She argues that the court "disregarded" her claim that defendants should return her security deposit because she is a veteran.

¶ 15    Neither defendant has filed an appellee's brief. We entered an order taking the case for consideration on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (case may be taken on appellant's brief where issues are simple and can be decided without additional briefing).

¶ 16    In a bench trial, a defendant may move at the close of the plaintiff's case for a finding or judgment in his favor. 735 ILCS 5/2-1110 (West 2022). In deciding whether to grant a directed

finding, the court must first determine as a matter of law whether the plaintiff presented a *prima facie* case, *i.e.*, presented some evidence on every element of her case. *In re Estate of Coffman*, 2023 IL 128867, ¶¶ 51-52. If she has, the court then considers and weighs all the evidence. *Id.* ¶ 53. If she has not, the court enters judgment for the defendant. *Id.* ¶ 52. In that scenario, as here, our review is *de novo*. *Id.*

¶ 17    In this case, we affirm the circuit court's grant of a directed finding where plaintiff's brief does not comport with Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and she has not provided a record on appeal sufficient for us to review her claims of error.

¶ 18    Supreme Court Rule 341(h) governs the content of an appellant's brief. Plaintiff's brief is deficient in multiple respects. For one, she does not provide the applicable standard of review for the issues she raises with citation to authorities. Ill. S. Ct. R. 341(h)(3) ("The appellant must include a concise statement of the applicable standard of review for each issue, with citation to authority."). More significantly, the argument section in plaintiff's brief is almost entirely devoid of citations to authority. See Ill. S. Ct. R. 341(h)(7) (argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities *** relied on").

¶ 19    We are entitled to the benefit of clearly defined issues with citations to pertinent authority and a cohesive legal argument. *People v. Battle*, 2023 IL App (1st) 231838, ¶ 33. This court "is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Id.* However, plaintiff's issues are not clearly defined. She makes many arguments but does not provide their basis in law or their elements, or discuss how the facts in this case apply to those elements. "The failure to elaborate on an argument, cite persuasive authority,

or present a well-reasoned theory violates Rule 341(h)(7) and results in forfeiture of the argument." *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54; see also Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited.").

¶ 20 The supreme court rules governing briefs are mandatory. *Battle v. Chicago Police Department*, 2022 IL App (1st) 200083, ¶ 9. Plaintiff's *pro se* status does not excuse her from complying with them. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8.

¶ 21 Our review is further hindered by an incomplete record on appeal. Any issue relating to a court's factual findings and the basis for its legal conclusions cannot be reviewed absent a report or record of the proceeding. *Pate v. Wiseman*, 2019 IL App (1st) 190449, ¶ 17; see also *King v. Find-A-Way Shipping, LLC*, 2020 IL App (1st) 191307, ¶ 31 (reviewing court must have a record of the proceeding where an error was allegedly made to determine whether the error occurred). As the appellant, it is plaintiff's burden to present a sufficiently complete record to support her claims of error. *Pate*, 2019 IL App (1st) 190449, ¶ 17. We must therefore resolve any doubts arising from the incompleteness of the record against her. *Id.* Further, when the record is incomplete, we must presume the trial court's order conformed with the law and had a sufficient factual basis. *Id.*

¶ 22 The record on appeal should include "any report of proceedings prepared in accordance with Rule 323." Ill. S. Ct. R. 321 (eff. Oct. 1, 2021). In turn, the report of proceedings should include "all the evidence pertinent to the issues on appeal." Ill. S. Ct. R. 323(a) (eff. July 1, 2017). If no verbatim transcript is available, the appellant may prepare a "Bystander's Report" composed from "the best available sources, including recollection." Ill. S. Ct. R. 323(c). The appellant must serve the proposed report on all parties and present it to the trial court for approval and certification. *Id.* Only a certified report of proceedings may be included in the record on appeal, absent

stipulation by the parties. *Id.* Alternative to a bystander's report, the parties may stipulate to an agreed statement of facts. Ill. S. Ct. R. 323(d).

¶ 23    The circuit court here found for defendants following a bench trial. The court's written order denying plaintiff's motion for a new trial indicates that the court considered plaintiff's testimony and the "admissible evidence" at the bench trial before granting defendants' motion for a directed finding. We, however, have no record of those proceedings. Plaintiff has not filed a certified report of proceedings or an agreed statement of facts regarding the bench trial. She did attach to her docketing statement a proposed bystander's report of the trial, which details the proceedings at trial "based solely on [plaintiff's] memory." However, there is no indication that the trial court certified the report as required by Rule 323(c). Plaintiff also filed several motions to supplement the record or her docketing statement with a transcript of the hearing on her motion for a new trial, stating that she hired a private court reporter for that hearing. This court denied the motions, stating that any transcript needed to be certified by the circuit court.

¶ 24    Without a certified transcript of the trial or an acceptable substitute, we are unable to review the circuit court's decisions to grant defendants' motion for a directed finding or deny plaintiff's motion for a new trial. *Pate*, 2019 IL App (1st) 190449, ¶ 17 (issue relating to a court's factual findings and basis for its legal conclusions cannot be reviewed absent report or record of the proceeding). Without that report or record, we cannot know the evidence the circuit court considered or the basis for its directed finding for defendants and subsequent denial of the motion to reconsider, let alone review whether the court erred in those judgments.

¶ 25    We are mindful that transcripts are not always necessary when the issue on appeal is subject to *de novo* review, as is the court's granting of a directed finding here. See *Beck v. DayOne Pact*,

2023 IL App (1st) 221120, ¶ 29. However, although whether a plaintiff made a *prima facie* case is a matter of law (*Estate of Coffman*, 2023 IL 128867, ¶ 52), the directed finding was premised on the circuit court's determination that plaintiff failed to present sufficient facts at trial to make a *prima facie* case. Thus, the issue here is factual: whether plaintiff presented a *prima facie* case at trial by presenting evidence on every element of her claims. See *id.* (to make a *prima facie* case, plaintiff must offer evidence on every element essential to her cause of action). Without a transcript of the proceeding, we cannot review plaintiff's testimony or confirm what other evidence the court admitted and considered, and we are unable to determine the basis for the court's decision.[1] We are therefore unable to meaningfully review the directed finding. See *Pate*, 2019 IL App (1st) 190449, ¶ 17; *In re Marriage of Abu-Hashim*, 2014 IL App (1st) 122997, ¶ 15 (whether record suffices to review error turns on the particular error claimed).

¶ 26    Accordingly, we must presume the trial court's order conformed with the law and had sufficient factual basis, and affirm the court's entry of a directed finding and subsequent denial of the motion for a new trial. See *Pate*, 2019 IL App (1st) 190449, ¶ 17.

¶ 27    Further, plaintiff's contentions that the circuit court should have granted a new trial for her to present new evidence and litigate the case in federal court are forfeited. Motions for new trial based on newly discovered evidence are disfavored, and plaintiff does not explain how the new evidence that she wishes to present satisfies the elements of such a motion. See *City of Chicago v. Eychaner*, 2020 IL App (1st) 191053, ¶¶ 37-38 (providing elements of motion for new trial based on newly discovered evidence); Ill. S. Ct. R. 341(h)(7) ("Points not argued are forfeited."). The

---

[1] Plaintiff states in her brief that the court admitted all of the exhibits attached to her complaint besides the police report.

record does not reflect that plaintiff moved to transfer venue or remove the case to federal court at any time prior to trial. See *Cigna v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 190620, ¶ 22 (venue objection forfeited in absence of timely motion to transfer).

¶ 28    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29    Affirmed.